UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,

    -against-

SEGUNDO BATISTA,

    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER

00 Crim. 1181 (GBD)

GEORGE B. DANIELS, United States District Judge:

Defendant Segundo Batista, *pro se*, moves for compassionate release and a reduction of his sentence pursuant to 18 U.S.C §3582(c)(1)(A) in light of amendments to 18 U.SC. §924(c), the fact that he was not informed of his deportation status at his plea allocution, and his age, his medical conditions, and the COVID-19 pandemic. (*See* Letter Motion for Compassionate Release dated February 28, 2021 ("Def.'s Motion"), ECF No. 107; Amended Letter Motion dated May 10, 2021 ("Def.'s Am. Motion"), ECF No. 110; Letter Reply dated January 20, 2022 ("Def.'s Reply"), ECF No. 113.) The Government opposes Defendant's motion. (Government Letter Response ("Govt. Response"), ECF No. 107.) Defendant's motion is DENIED.[1]

## I. BACKGROUND

Between 1991 and 2000, Segundo Batista led a criminal enterprise known as the "Batista Organization." (Superseding Information, ECF No 50.) On July 12, 2002, Defendant plead guilty to a 4-count superseding information. (Transcript of Plea Allocution dated July 12, 2002 ("Plea Allocution Tr."), ECF No. 55, at 22-27.) Count One charged him with participating in a RICO

---

[1] Defendant has moved for the appointment of counsel to assist with his motion for compassionate release because his "imprisonment will greatly limit his ability to litigate." (Motion for Counsel, ECF No. 113, at 2.) Defendant's motion is DENIED. In addition to his moving brief, Defendant has filed two supplemental briefs in support of his motion, one on his own, and one with the assistance of a certified paralegal. Defendant has shown himself capable of representing himself in litigating this motion.

conspiracy, in violation of 18 U.S.C. § 1962(c); Count Two charged him with knowingly using and carrying a firearm during a crime of violence, to wit, a 1994 conspiracy to murder an individual named Rene Aquino, in violation of 18 U.S.C. § 924(c); Count Three charged him with knowingly using and carrying a firearm during a crime of violence, to wit, a 1995 conspiracy to murder an individual named Gustavo Barrera Rubiano, in violation of 18 U.S.C. § 924(c); and Count Four charged him with committing a violent crime in aid of racketeering, to wit, conspiring to commit a kidnapping, in violation of 18 U.S.C. § 1959(a)(5). (Plea Allocution Tr. at 10.) During the plea hearing, Defendant admitted to conspiring to murder nine people and stated that all the murders were carried to fruition. (Transcript of Plea Allocution dated July 12, 2002, ECF No. 55, at 22-27.) Defendant also admitted to conspiring to commit two robberies and distributing at least 150 kilograms of cocaine. (*Id.* at 23-24.) Defendant was not informed of the immigration consequences of his guilty plea at the hearing.

On November 12, 2002, Defendant was sentenced to 55-years imprisonment: twenty years on Count One; five years on Count Two; twenty years on Count Three; and ten years on Count Four. (Transcript of Sentencing dated October 31, 2002 ("Sentencing Tr."), ECF No. 61, at 5-6.) Judge Scheindlin's sentence represented that maximum possible term of imprisonment that could be imposed subject to the statute. At sentencing, Judge Scheindlin stated,

> My reasons for the sentence really are obvious. Mr. Batista was a leader of a very violent gang that was involved in at least 9 murders as well as numerous robberies, assaults, and kidnapping and huge amounts of drug distribution. The gang's activities had a devastating impact, as you said yourself, Mr. Batista, on the lives of many victims. For this reason, the guidelines would have required a term of life in prison, which seems like the right guideline, but that couldn't be imposed here. The plea agreement between the parties limited the Court to a 55-year maximum sentence . . . [.]

(ECF No 55 at 8-9.) Defendant is currently housed at FCI Fairton. (Def. Am. Letter at 10.)

Defendant's estimated release date is January 16, 2048. (Gov't Opp'n at 2.)

Defendant states that he has been "diagnose[d] with Pre-Diabetes Mellitus, Hypertension, High Cholesterol, Obesity, and a history of smoking. (Def. Reply at 6–8.) Defendant also states that he has been vaccinated against the coronavirus. (Def. Reply at 12.) Defendant has not presented any evidence of his diagnosis.

## II. LEGAL STANDARD

As amended by the First Step Act, 18 U.S.C. §3582(c)(1)(A) allows a court to reduce a term of imprisonment and impose a term of probation or supervised release if, after assessing the factors set forth in Section 3553(a), the court finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. §3582(c)(1)(A)(i).

Defendant bears the burden of proving that "extraordinary and compelling reasons" exist under 18 U.S.C. §3582(c)(1)(A) to justify release. *See United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease").

## III. DEFENDANT'S MOTION IS DENIED

### A. Defendant Does Not Present Extraordinary and Compelling Reasons for Release

Defendant first argues that amendments to 18 U.S.C. 924(c) represent an extraordinary and compelling reason warranting a sentence reduction because, if he were sentenced today under the statute as amended, Defendant would receive a sentence of five years on his second conviction under 18 U.S.C. § 924(c), instead of the twenty years he received. (Def. Am. 7-8.)

Under the version of Section 924(c) that existed when Defendant was sentenced, any person convicted of carrying a firearm during a crime of violence would be sentenced to five years imprisonment on the first offense, and then to twenty years on any successive convictions. 18

U.S.C. §924(c)(1) (1995). The current version of Section 924(c) no longer requires mandatory minimum sentences for defendant's who have multiple Section 924(c) convictions in the same case. 18 U.S.C. § 924(c)(1)(C). Accordingly, if sentenced today, the court would not be required to impose a twenty-year sentence on Defendant's second Section 924(c) conviction. However, there is no evidence in the record that supports the conclusion that if sentenced under the statute as amended, Defendant would receive a lower sentence. At sentencing, Judge Scheindlin states that a life sentence was appropriate for the crimes Defendant committed. However, constrained by the plea agreement and statutory maximum, Judge Scheindlin imposed a sentence of 55-years, which represented the highest sentence available. There is no evidence that, if given the ability to impose a lower sentence, Judge Scheindlin would have considered it appropriate to do so. As Defendant has not shown that he would have received a lower sentence on his second Section 924(c) conviction if that had been possible when he was sentenced, the amendments to 18 U.S.C. §924(c) do not present a compelling and extraordinary reason warranting reduction in sentence in this case.

Next, Defendant argues that Judge Scheindlin violated the Federal Criminal Rules of Procedure by failing to instruct him about the immigration consequences of his guilty plea, and that this represents an extraordinary and compelling reason warranting compassionate release. (Def.'s Motion at 16.) Federal Rule of Criminal Procedure 11(b)(1)(O) requires courts to instruct defendants that, "if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future." Rule 11 was amended to include this requirement in 2013. Fed. R. Crim. P. 11 n. regarding 2013 Amendment. As Rule 11 was not in effect at the time Judge Scheindlin took Defendant's guilty plea, the court did not commit any error by not informing Defendant of the immigration

4

consequences of a potential plea. Accordingly, Defendant has not shown that the district court's failure to inform him as to the potential immigration consequences of his guilty plea constitutes an extraordinary and compelling reason for a reduction in sentence.

Third, in his Reply, Defendant argues that his medical conditions put him at substantial risk of death or medical complications if he were to contract the coronavirus, thereby presenting an extraordinary and compelling reason to reduce his sentence to time served. (Defendant's Reply at 4, 12.) The CDC has identified obesity, hypertension, diabetes, and smoking as increased risk factors for severe illness from the coronavirus. *See Coronavirus Disease 2019 (COVID-19) – People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Feb. 22, 2021). Defendant has not presented any evidence supporting this diagnosis, and therefore has not shown that he may be at risk of complications or death if he were to be infected with the coronavirus. Moreover, Defendant has not alleged that his circumstances at FCI Fairton expose him to a heightened risk of infection. Defendant makes many generalizations about the coronavirus in the prison system at large, including the increased rate of infection for those incarcerated and alleged underreporting of cases. (*See* Reply Letter at 3.) However, Defendant does not assert that FCI Fairton specifically is unable to protect inmates and staff from the coronavirus or the Omicron and Delta variants. Defendant concedes that he has been vaccinated and has not tested positive for the coronavirus. (Reply at 12.) It is true that incarceration can lead to an increased risk of contracting COVID-19, but without more, Defendant has not presented an extraordinary and compelling reason for his release.

### B. A Sentence Reduction Would Not Support the Section 3553(a) Factors

The 3553(a) sentencing factors strongly counsel against Defendant's release. As the court noted at sentencing, Defendant was "a leader of a very violent gang that was involved in at least 9

murders as well as numerous robberies, assaults, and kidnappings and huge amounts of drug distribution." (Sentencing Tr. 23-24.) Given the violent nature of Defendant's criminal conduct, reducing his sentence would undermine the gravity of the offense and the need for deterrence. *See United States v. Jones*, 17 F.4th 371, 375 (2d Cir. 2021) (affirming denial of motion for compassionate release because "district court reasonably concluded that [defendant's] early release would undermine respect for the law and undermine the deterrent purpose of the original sentence given his very serious offenses").

Defendant's motion for compassionate release, (ECF Nos. 107 and 110), and for the appointment of counsel, (ECF No. 113), are DENIED. The Clerk of the Court is directed to close the motions accordingly.

Dated: March 7, 2022
      New York, New York

                                          SO ORDERED.

                                          GEORGE B. DANIELS
                                          United States District Judge