**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------ x

UNITED STATES OF AMERICA,

    -against-

SEGUNDO BATISTA,

               Defendant.

------------------------------------ x

MEMORANDUM DECISION
AND ORDER

00 Crim. 1181 (GBD)

GEORGE B. DANIELS, United States District Judge:

Defendant Segundo Batista, *pro se,* moves for reconsideration of this Court's March 7, 2022 Memorandum Decision and Order denying his motion for compassionate release pursuant to 18 U.S.C § 3582 (c)(1)(A). (Mot. for Recons. ("Mot."), ECF No. 116.) Defendant's motion is DENIED.

## I. BACKGROUND

This Court assumes familiarity with the factual background of this case and recounts here only the information necessary for resolution of this motion.

In November 2012, this Court sentenced Defendant to an aggregate fifty-five years' imprisonment after he pleaded guilty to a four-count superseding information. (ECF No. 60 at 1–2.) Specifically, Defendant pleaded guilty to: participating in a RICO conspiracy in violation of 18 U.S.C. § 1962(c) ("Count One"), for which he received twenty years' imprisonment; using and carrying a firearm during a crime of violence, to wit, a 1994 conspiracy to murder, in violation of 18 U.S.C. § 924(c) ("Count Two"), for which he received five years' imprisonment; knowingly using and carrying a firearm during a crime of violence, to wit, a 1995 conspiracy to murder, in violation of 18 U.S.C. § 924(c) ("Count Three"), for which he received twenty years'

imprisonment; and committing a violent crime in aid of racketeering, to wit, conspiring to commit a kidnapping, in violation of 18 U.S.C. § 1959(a)(5) ("Count Four"), for which he received ten years' imprisonment. (*Id.*)

On February 28, 2021, Defendant moved for compassionate release under § 3582(c)(1)(A), arguing that a combination of his age, medical conditions, the COVID-19 pandemic, amendments to one of the statutes under which he was convicted, and the fact that he was not informed of his deportation status at his plea allocution warranted a reduction of his sentence. (ECF No. 107.) The Government opposed Defendant's motion. (ECF No. 109.) By Memorandum Decision and Order dated March 7, 2022, this Court denied Defendant's motion because he did not present extraordinary and compelling reasons for release and failed to establish that the factors set forth at 18 U.S.C. § 3553(a) justified the requested relief. (*See* ECF No. 114.) Defendant filed the instant motion two weeks later, (*see* Mot.), and shortly thereafter appealed this Court's March 7, 2022 Order to the Second Circuit, (*see* ECF No. 119.)

## II. LEGAL STANDARD

Although the Federal Rules of Criminal Procedure do not specifically recognize motions for reconsideration, such motions "have traditionally been allowed within the Second Circuit." *United States v. Yannotti*, 457 F. Supp. 2d 385, 388 (S.D.N.Y. 2006). The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The major grounds justifying reconsideration are "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest justice." *Virgin Atl. Airways, Ltd. v. Nat'l*

*Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting *Doe v. New York City Dep't of Social Services*, 709 F.2d 782, 789 (2d Cir. 1984)). The decision to grant or deny a motion for reconsideration is "addressed to the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009).

### III. DEFENDANT'S MOTION FOR RECONSIDERATION IS DENIED

Defendant fails to meet the "strict" standard for reconsideration. Critically, Defendant has not cited any decisions or data this Court overlooked in its previous order. Nor has he presented any intervening change of controlling law, or the availability of new evidence. To the contrary, Defendant's motion for reconsideration simply repeats arguments he made in his original motion regarding his medical conditions, age, the pandemic, and amendments to 18 U.S.C. § 924. This Court has already addressed these arguments and will not do so again here. *See e.g.*, *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (motions for reconsideration do not provide "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple") (quotation omitted).

Defendant's only new argument is based on the Supreme Court's recent decision in *United States v. Davis*, 139 S. Ct. 2319 that the residual clause in Section 924(c)'s definition of "crime of violence" is unconstitutionally vague.[1] Because conspiracy to commit murder no longer qualifies as a "crime of violence" post-*Davis*, Defendant argues that his two Section 924 convictions (Counts Two and Three) cannot stand. (Mot. at 5.) While Defendant is correct that conspiracy to

---

[1] It is well-settled that a party may not use a motion for reconsideration to raise new arguments for the first time when they were free to raise them during original briefing. *See e.g.*, *Indradjaja v. Holder*, 737 F.3d 212, 218 (2d Cir. 2013) ("a motion to reconsider based on a legal argument that could have been raised earlier in the proceedings, but was not, will be denied"). Defendant's failure to raise his *Davis* challenge in his original motion for compassionate release is independent grounds for denial of the instant motion.

commit murder is no longer a "crime of violence" as that term is now defined by Section 924, the law is well-settled that another offense may be used retroactively to predicate a Section 924 conviction even if the defendant was not convicted (or even charged with) it, so long as there is "legally sufficient proof that the crime was, in fact, committed." *Johnson v. United States*, 779 F.3d 125, 129 (2d Cir. 2015).

Here, conspiracy to commit murder was not the only predicate crime for Defendant's Section 924 convictions. During his guilty plea, Defendant clearly allocated to conduct consistent with murder:

> THE COURT: What was your role in those two murders or an agreement to do those two murders? What did you do?
>
> THE DEFENDANT: I participated in the murder.
>
> THE COURT: In the actual murder, you participated?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Sounds like doing something. All right. We've taken care of that count on the first racketeering act. He said he participated in the murders … The second racketeering act was the conspiracy to murder Enny Salcedo. What did you do with respect to that? What was your role?
>
> THE DEFENDANT: OK. Each murder, the murders actually happened and I participated in all of them.

(Transcript of Defendant's September 5, 2002 Change of Plea Proceedings, ECF No. 55, at 26–28.) Defendant therefore pleaded guilty to not only conspiring to commit the two murders predicating his Section 924(c) convictions, but also to completing them. It is well established that murder remains a crime of violence under Section 924(c) post-*Davis*. *See e.g.*, *Stone v. United States*, 37 F.4th 825, 828 (2d Cir. 2022). Defendant's Count Two and Count Three convictions therefore stand.

## IV. CONCLUSION

Defendant's motion for reconsideration, (ECF No. 116), is DENIED. The Clerk of Court is respectfully directed to close the motion accordingly.

Dated: October 5, 2022
      New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge